CYNTHIA GRIFFIN, EMPLOYEE-PLAINTIFF v. RED & WHITE SUPERMARKET, EMPLOYER, AND AETNA LIFE & CAS. INS. CO., CARRIER-DEFENDANTS

No. 8510IC619

(Filed 31 December 1985)

**Master and Servant § 73.1— workers' compensation—loss of eye—no additional compensation for disfigurement**

An employee who has received compensation for disability resulting from loss of vision to an eye may not also recover compensation for serious facial disfigurement when there has been no enucleation and the eye has been fitted with an artificial shield. N.C.G.S. 97-31.

APPEAL by defendant from the North Carolina Industrial Commission. Opinion and award entered 22 February 1985. Heard in the Court of Appeals 21 November 1985.

The defendant appeals an award by the North Carolina Industrial Commission. The plaintiff employee sustained an injury by accident arising out of and in the course of her employment with the defendant employer. The injury resulted in total loss of vision in her right eye. The damaged eye was not removed but was fitted with an artificial shield similar to a contact lens. The defendant insurance company paid the plaintiff $17,520.00 disability compensation for 100% loss of vision in the eye as required by G.S. 97-31(16) but denied the plaintiff's claim for compensation for serious facial disfigurement under G.S. 97-31(21).

After a hearing before a Deputy Commissioner who denied the plaintiff's claim, she appealed to the Full Commission. In its opinion the Full Commission made the following findings of fact:

. . . .

3. A veiwing [sic] of the damaged eye and facial area around the eye reveals no scars outside the eye itself. However, the plaintiff's damaged eye is obviously different in appearance from her other eye at close and relatively long

ranges. Her damaged eye remains stationary while the healthy eye tracks objects in its field of vision, giving plaintiff's entire face a grotesque appearance. Plaintiff's injury destroyed the symmetry of what otherwise would be acknowledged as an attractive face. Thus the damage to plaintiff's eye has badly marred and disfigured the appearance of her face, making her "repulsive," for lack of a better word, instead of attractive to the public at large. Her facial disfigurement also has had an adverse impact on her personality.

4. Plaintiff has not worked since her injury and her employment prospects now and in the future have been substantially diminished by her serious facial disfigurement.

Based on these findings the Full Commission concluded that the "[p]laintiff has sustained serious facial disfigurement which can be reasonably presumed to diminish her wage-earning capacity at the present and in the future. Fair and reasonable compensation for plaintiff's disfigurement is $10,000.00." The Commission then ordered the defendants to pay the plaintiff $10,000.00 in addition to payments already made for disability. The defendants appealed.

*Shope, McNeil & Maddox, by E. Thomas Maddox, Jr., for plaintiff appellee.*

*Smith, Moore, Smith, Schell & Hunter, by J. Donald Cowan, Jr. and Jeri L. Whitfield, for defendant appellants.*

WEBB, Judge.

This appeal brings to the Court the question whether an employee may recover under the Workers' Compensation Act for disability and for serious facial disfigurement, both resulting from loss of vision to an eye, when there has been no enucleation and the eye has been fitted with an artificial shield. The plaintiff concedes that there has been no damage to the facial tissue surrounding the eye and that the only injury is to the eye itself. Therefore we must determine whether she may recover for disability and for disfigurement from a single accident affecting only one member.

This question is controlled by G.S. 97-31, which provides in pertinent part:

Schedule of injuries; rate and period of compensation.

　　In cases included by the following schedule the compensation in each case shall be paid for disability during the healing period and in addition the disability shall be deemed to continue for the period specified, and shall be in lieu of all other compensation, including disfigurement, to wit:

. . . .

(16) For the loss of an eye, sixty-six and two-thirds percent (66⅔%) of the average weekly wage during 120 weeks.

. . . .

(19) Total loss of use of a member or loss of vision of an eye shall be considered as equivalent to the loss of such member or eye. . . . . .

. . . .

(21) In case of serious facial or head disfigurement, the Industrial Commission shall award proper and equitable compensation not to exceed ten thousand dollars ($10,000). In case of enucleation where an artificial eye cannot be fitted and used, the Industrial Commission may award compensation as for serious facial disfigurement.

. . . .

　　We have found no North Carolina cases dealing with the subject of this appeal. We believe that under the plain words of the statute we must hold that the plaintiff is not entitled to any recovery in addition to the $17,520.00 she received for loss of her eye. G.S. 97-31 provides that compensation for the loss of a member of the body, including loss of vision, shall be paid at certain rates and this shall be in lieu of any loss of disfigurement. G.S. 97-31(21) creates an exception to this for serious facial or head disfigurement. Within this exception the statute says, "[i]n case of enucleation where an artificial eye cannot be fitted and used, the Industrial Commission may award compensation as for serious facial disfigurement."

　　The second sentence in G.S. 97-31(21) deals specifically with compensation for eye injuries. The plaintiff's eye has not been enucleated and she does not come within the language of this

sentence. We believe this bars her from recovery. If the first sentence of the section covered an eye injury there would be no reason for the second sentence. We believe that G.S. 97-31(21) when properly read means that a person may recover for serious facial and head disfigurement in addition to recovery under other parts of the section. It also means an enucleation where an artificial eye cannot be fitted and used is a type of facial disfigurement. No other type of eye injury is a compensable disfigurement. This is the only way we can read the statute to give effect to each sentence in G.S. 97-31(21).

The plaintiff argues that she is not seeking disfigurement compensation for her eye. She contends that her eye's appearance results in a loss of facial symmetry which mars and disfigures her entire face. The Industrial Commission found this as a fact. Whatever effect the injury may have on the plaintiff's facial appearance it is the eye that is causing this effect and we have held the plaintiff's eye injury is not compensable under G.S. 97-31 as a disfigurement.

For the reasons stated in this opinion we reverse and remand with an order that the plaintiff's claim be denied.

Reversed and remanded.

Judges BECTON and COZORT concur.